**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUSTAVO FLORES, | No. CV 15-2325-RT (KK) |
| Plaintiff, | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| PSYCH TECH, et al., | |
| Defendants. | |

Plaintiff Gustavo Flores ("Plaintiff"), proceeding pro se, has filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983"). The body of the Complaint names a single defendant: Nurse Lilla. Although there is some discrepancy between the caption and the body of the Complaint, the named defendants may also include "Psych-Tech," which is included in the caption, but not listed as a named-defendant in the body of the Complaint. However, upon screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court dismisses the Complaint with leave to amend. Accordingly, the Complaint is **DISMISSED** with leave to amend. If Plaintiff desires to pursue this action, he is **ORDERED** to file within 28 days of the

service date of this Order a First Amended Complaint remedying the deficiencies discussed below.

## I.

### **PROCEDURAL BACKGROUND**

On March 30, 2015, Plaintiff filed the instant Complaint against the aforementioned defendants. (ECF Docket No. ("dkt.") 1). In the Complaint, Plaintiff appears to assert a single claim, challenging as unlawful defendant Lilla's administration of medicine to him on March 20, 2015. Comp. at 5. Plaintiff sues defendant Lilla in both her individual and official capacities. Id. at 3. Plaintiff seeks compensatory damages. Id. at 6.

## II.

### **FACTUAL ALLEGATIONS IN THE COMPLAINT**

On March 20, 2015, Plaintiff was treated for seizures by Nurse Lilla at the Metropolitan State Hospital in Norwalk, California. Compl. at 2-3, 5. The Complaint claims Lilla administered the wrong medication to Plaintiff. Id. at 5. As a result, Plaintiff suffered seizures and had to be hospitalized at U.S.C. Medical Center, which was not equipped to properly treat him. Id. Plaintiff claims to suffer from uncontrollable seizures and "mental scars" because of the incident. Id.

In the Complaint, Plaintiff claims Lilla's administration of the wrong medication constituted "medical malpractice" and "gross medical negligence." Id. At the same time, Plaintiff claims Nurse Lilla "willing[ly]" gave Plaintiff the wrong medication, suggesting Lilla's conduct may not have been a mistake. Id.

///
///

### III.

### DISCUSSION

As plaintiff is proceeding *in forma pauperis*, the court must screen the Complaint, and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, it is unclear whether Plaintiff is suing "Psych-Tech," and/or defendant Lilla. While Lilla is named in the body of the Complaint as a defendant, she is not named in the Complaint's caption. Conversely, while Psych-Tech is named in the Complaint's caption, it is not named in the body of the Complaint. The Court is therefore unable to determine whether Plaintiff intended to name Psych-Tech as a defendant. If Plaintiff decides to include "Psych-Tech" as a defendant in an amended complaint, he must clarify exactly who the defendant is -- at a minimum, the caption and body of the complaint must agree. Moreover, Plaintiff must allege facts sufficient to state a claim against Psych-Tech.

### IV.

### LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal.

Accordingly, **IT IS ORDERED THAT**:

1) **Within 28 days of the service date of this Order, Plaintiff may file a First Amended Complaint ("FAC") to attempt to cure the deficiencies with his Complaint.** The Clerk is directed to provide Plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate Plaintiff's filing of an FAC if he elects to proceed with this action. Plaintiff is strongly encouraged to use that form.

2) If Plaintiff chooses to file a FAC, the FAC should bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the Complaint or any other pleading, attachment, or document.

**Plaintiff is admonished that if he fails to timely file a sufficient FAC, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

IT IS SO ORDERED.

DATED: April 2, 2015

HON. KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE